```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

THOMAS VOSS,

                Plaintiff,

vs.                              Case No.  2:12-cv-368-FtM-29DNF

HITACHI KOKI CO., LTD., a corporation, HITACHI KOKI, USA, LTD., a corporation,

                Defendants.
_____

## OPINION AND ORDER

    This matter comes before the Court on review of the file. Because the Amended Complaint (Doc. #5) fails to adequately allege diversity jurisdiction, plaintiff will be required to file an amended complaint.

    Subject-matter jurisdiction in the Amended Complaint (Doc. #1) appears to be premised on diversity of citizenship under 28 U.S.C. § 1332.  This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a); <u>Morrison v. Allstate Indem. Co.</u>, 228 F.3d 1255, 1261 (11th Cir. 2000).

    "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State."  <u>Newman-Green, Inc. v. Alfonzo-Larrain</u>, 490 U.S. 826, 828 (1989).  Pleading residency is not the equivalent of pleading domicile.  <u>Molinos</u>

<u>Valle Del Cibao, C. por A. v. Lama</u>, 633 F.3d 1330, 1341 (11th Cir. 2011); <u>Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.</u>, 561 F.3d 1294, 1297 (11th Cir. 2009); <u>Taylor v. Appleton</u>, 30 F.3d 1365, 1367 (11th Cir. 1994). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." <u>McCormick v. Aderholt</u>, 293 F.3d 1254, 1257-58 (11th Cir. 2002)(internal quotations and citations omitted). The Complaint alleges that plaintiff "resides in Lee County ,Florida." Thus, the Complaint does not allege plaintiff's citizenship.

A corporation is a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The principal place of business is determined by the "nerve center" test, which typically but not always is the corporation's headquarters. <u>Hertz Corp. v. Friend</u>, ___ U.S. ___, 130 S. Ct. 1181 (2010). The Complaint simply alleges that Hitachi Koki Co., Ltd. is a foreign corporation with "its headquarters located in Japan", and Hitachi Koki, USA, Ltd. is a Georgia corporation with "its headquarters located in Norcross, Georgia". The Complaint therefore fails to sufficiently allege the citizenship of defendants. Plaintiff does not allege an amount in controversy.

Since jurisdiction must be alleged in the Amended Complaint, Fed. R. Civ. P. 8(a), the Amended Complaint will be dismissed

without prejudice for failure to allege subject matter jurisdiction, with leave to amend granted pursuant to Title 28, United States Code, Section 1653.

Accordingly, it is now

**ORDERED:**

The Amended Complaint (Doc. #5) is **DISMISSED WITHOUT PREJUDICE** and with leave to file a second amended complaint **on or before February 28, 2013.**

**DONE AND ORDERED** at Fort Myers, Florida, this __25th__ day of January, 2013.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record